UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

_____

J.L., an individual;

          Plaintiff

-against-

BEST WESTERN INTERNATIONAL, INC.;
HYATT CORPORATION; WYNDHAM
HOTELS AND RESORTS, INC.; and
MARRIOTT INTERNATIONAL, INC.

          Defendants.
_____

Civil Action No.

1:19-cv-03713-STV

**PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT UNDER SECTION
III. A. OF JUDGE PHILLIP A. BRIMMER'S CIVIL PRACTICE STANDARDS**

Plaintiff files this Motion to Exceed Page Limit concurrently with her Response to Defendants Best Western International Inc.'s ("Best Western") Motion to Dismiss under section III. A. of Judge Phillip A. Brimmer's Civil Practice Standards.

1. Judge Phillip A. Brimmer's Civil Practice Standards under section III (A) state that response to a motion is limited to fifteen (15) pages. Because Plaintiffs' Response are longer than fifteen pages, Plaintiff requests leave of Court to exceed the page limitation.

2. Good cause exists for extending the page limitation beyond fifteen pages.

    a. There is little case law applying the venture liability theory under the Trafficking Victims Protection Reauthorization Act (TVPRA);

    b. What case law does exist on this emergent theory against those who knowingly benefited from a venture involve complex factual determinations and include lengthy summaries of the facts and law involved in pleading a venture liability

theory under the TVPRA. *See e.g. Gilbert v. United States Olympic Committee*, 423 F.Supp.3d 1112 (D. Colo. 2019) (74 pages); *Bistline v. Parker*, 918 F.3d 849 (10th Cir. 2019) (60 pages); *A.B. v. Marriott Int'l, Inc.*, — F.Supp.3d —, 2020 WL 1939678 (E.D. Pa. Apr. 22, 2020);

   c.  Moreover, as Plaintiff's First Amended Complaint is 56 pages containing 163 separate allegations against Defendants that form the basis of her claims and need to be addressed in her Response;

   d.  In addition to the legal arguments related to Plaintiff's claims under the TVPRA raised by other Defendants, Best Western additionally raises issues of juridisdiction;

   e.  Three additional pages are necessary to address Plaintiff's individualized, fact-specific claims to adequately brief this Court on whether Plaintiff has adequately stated a claim under the TVPRA.

3.  As good cause exists Plaintiff should be permitted to exceed the fifteen (15) page limit under Judge Phillip A. Brimmer's Civil Practice Standards section III (A).

Dated: July 20, 2020                    Respectfully submitted,

                                      /s/ Tiffany R. Ellis
                                      Tiffany R. Ellis
                                      Weitz & Luxenberg, P.C.
                                      3011 W. Grand Blvd.
                                      Suite 2150
                                      Detroit, MI 48202
                                      Phone: (313) 800-4170
                                      Fax: (646) 293-7992
                                      Tellis@weitzlux.com

                                      *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I electronically filed the foregoing Motion to Exceed Page Limit with the Clerk of the Court using the CM/ECF system.

<u>/s/   Tiffany R. Ellis</u>
Tiffany R. Ellis