IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03713-PAB-STV

J.L., an individual

        Plaintiff,

v.

BEST WESTERN INTERNATIONAL, INC.;
HYATT CORPORATION;
WYNDHAM HOTELS AND RESORTS, INC.; AND
MARRIOTT INTERNATIONAL, INC.

        Defendants.

---

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

## I.    PRELIMINARY STATEMENT

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI") has moved to dismiss the First Amended Complaint ("Complaint") because, despite the horrible crimes alleged, Plaintiff has not, and cannot, state a claim against WHRI under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The Complaint fails to allege that the La Quinta®-branded hotel at issue (the "Facility") participated in a "venture" with Plaintiff's alleged traffickers, knowingly benefited from such participation, or knew or should have known about the commission of trafficking crimes by the alleged traffickers. At most, the Complaint alleges that these traffickers used the Facility as an instrumentality to perpetrate their crimes, which is not sufficient to state a claim against the owner/operator, let alone WHRI, particularly given that WHRI did not acquire the La Quinta® brand until two years after the alleged conduct. The Complaint should be dismissed.

## II.   ARGUMENTS & AUTHORITIES

A civil claim under the TVPRA requires that a defendant (1) "knowingly benefit" (2) "from participation in a venture" engaged in sex trafficking (3) that the defendant "knew or should have known" was engaged in sex trafficking.  18 U.S.C. § 1595(a).  The Complaint fails to allege facts sufficient to plausibly support any element for a TVPRA claim against WHRI.

### A.   WHRI Did Not Participate In A TVPRA "Venture" Because It Never "Associated In Fact" With Plaintiff's Alleged Traffickers.

A TVPRA "venture" requires that participants be "associated in fact."  *See Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019) (quoting 18 U.S.C. § 1591(e)(6)); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1138 (D. Colo. 2019).  Plaintiff does not contest that requirement (*see* Dkt. 75, at 10), but the Complaint lacks allegations to the effect that WHRI and the criminal traffickers operated as a "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009) (construing "associated in fact" in context of RICO "enterprise," and recognizing that the terms "venture" and "enterprise" are synonyms in ordinary use); *accord United States v. Kamahele*, 748 F.3d 984, 1003 (10th Cir. 2014); *Apache Tribe of Oklahoma v. Brown*, 966 F. Supp. 2d 1188, 1194 (W.D. Okla. 2013); *cf. Plaintiff A v. Schair*, 2:11-CV-00145-WCO, 2014 WL 12495639, at *2 (N.D. Ga. Sept. 9, 2014) ("The TVPA's civil remedy operates in the same manner as the federal Racketeer Influenced and Corrupt Organizations Act . . . .").[1]

---

[1] Where Congress uses similar language in two statutes, courts may presume that "Congress intended that text to have the same meaning in both statutes." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 (2005); *Northcross v. Bd. of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) ("The similarity of language in [two statutes] is, of course, a strong indication that the two statutes should be interpreted pari passu."); *accord Vetcher v. Barr*, 953 F.3d 361, 369 (5th Cir. 2020).

Plaintiff argues that a hotel's rental of a room to someone who commits a trafficking crime is sufficient to show that the hotel participated in a TVPRA "venture" and "associated in fact" with the trafficker. *See* Dkt. 75, at 10. Plaintiff is wrong. A commercial transaction such as the rental of a hotel room is insufficient to support a reasonable inference that parties—the hotel owner and the guest—shared any common purpose or otherwise associated in fact. *See, e.g.*, *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) ("The second amended complaint fails because it has not plausibly alleged that the technology [] and public relations [] vendors named in the complaint shared a common purpose with Spirit.");[2] *Weir v. Cenlar FSB*, 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) (holding that "being an 'instrumentality' does not thereby mean one shares a common purpose" and positing that a defendant's use of the mail in furtherance of the scheme "would not make the Postal Service [] a member of the enterprise").[3] WHRI did not participate in a TVPRA "venture" with the alleged traffickers, and the Complaint should be dismissed as to WHRI.

---

[2] *See also United Food & Com. Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013) (holding that "a commercial relationship" is insufficient to show that parties associated in fact); *Ellis v. JPMorgan Chase & Co.*, 752 F. App'x 380, 382 (9th Cir. 2018) (affirming dismissal of RICO claims, holding that the "mere existence of service contracts . . . is insufficient to establish a common purpose"); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2:11-CV-07166-MRP, 2012 WL 10731957, at *9 (C.D. Cal. June 29, 2012) (dismissing RICO claims where the plaintiffs "identified exactly the type of arms-length business transaction, with each party pursuing its own economic interests, that does not constitute a RICO enterprise"); *Peters v. Aetna, Inc.*, 1:15-CV-00109-MR, 2016 WL 4547151, at *9 (W.D.N.C. Aug. 31, 2016).

[3] *See also, e.g.*, *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007) ("The only factual allegation supporting this claim is that BoC provided 'indispensable banking services' to IFS and Siu Lap. The fact that BoC provided general professional services to IFS and Siu Lap, services that BoC provides to the public at large, does not provide a basis for inferring that BoC, IFS, and Siu Lap shared a common unlawful purpose.").

3

To state a TVPRA claim against a hotel operator, a complaint must "at least" allege a "continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019) (Marbley, J.); *H.H. v. G6 Hosp., LLC*, 2:19-CV-755, 2019 WL 6682152, at *4 (S.D. Ohio Dec. 6, 2019) (Marbley, J.); *see also Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (Souter, J.) (finding complaint sufficient to state a claim against hotel operators where allegations permitted reasonable inference that they rented rooms to the trafficker "for the purpose" of trafficking the plaintiff). In this case, Plaintiff does not allege that the Facility operated "as a continuing unit," shared a "common purpose," or otherwise "associated in fact" with any alleged traffickers. To the contrary, the Complaint concedes that the alleged traffickers "shuttled" Plaintiff from place to place in the Denver area as part of their efforts to avoid detection. *See* Dkt. 65, at ¶¶ 110, 117-19. The Complaint also alleges that Plaintiff spent a short period of time at the Facility, offering no facts to suggest a "tacit agreement" with the traffickers.

Plaintiff next argues that the TVPRA imposes an affirmative duty on all hotels and other businesses "to prevent sex trafficking." Dkt. 75, at 5. Plaintiff's argument ignores the statutory element that a defendant "participate" in a TVPRA "venture" engaged in trafficking. 18 U.S.C. §1595(a). The failure to prevent trafficking by others is not sufficient. *See A.B. v. Marriott Int'l, Inc.*, CV 19-5770, 2020 WL 1939678, at *8 (E.D. Pa. Apr. 22, 2020) (holding that TVPRA does not "impose duties upon businesses to affirmatively prevent sex trafficking"); *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (holding that participation in a TVPRA "venture" requires "some overt act," and that "mere negative acquiescence" is not enough); *accord Ratha v.*

4

*Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017); BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) (defining "participation" as "[t]he act of taking part in something, such as a partnership, a crime . . . .").

      Plaintiff next suggests that application of the definition of "participation in a venture" from Section 1591(e)(4),[4] the criminal section of the TVPRA, to civil claims under Section 1595(a) would render the "should have known" language in Section 1595(a) meaningless. Again, Plaintiff's argument lacks merit. WHRI has not relied on the definition of "participation in a venture" from Section 1591(e)(4). Rather, WHRI's argument is based on Section 1591(e)(6)'s definition of "venture," which clearly applies to civil claims brought under Section 1595(a). *See Bistline*, 918 F.3d at 871; *accord Ricchio*, 853 F.3d at 555; *Gilbert*, 423 F. Supp. 3d at 1138. In *Gilbert*, for instance, the court found that the complaint adequately alleged that USA Taekwondo, Inc., "the national governing body of the sport of taekwondo," and the United States Olympic Committee participated in a TVPRA "venture" with members of the U.S. taekwondo Olympic team who committed TVPRA crimes based on their continuous association and shared purposes. 423 F. Supp. 3d at 1121-22, 1138 (holding that USAT and USOC "associated in fact" with taekwondo team members "and therefore qualify as a venture" for purposes of civil claims under the TVPRA). There is no suggestion that WHRI (or even the entity that operated the Facility) "associated in fact" with Plaintiff's alleged traffickers for *any* purpose.

---

[4] Section 1591(e)(6) defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation" of 18 U.S.C. § 1591(a)(1).

### B.   WHRI Did Not Know Nor Should It Have Known Of The Crimes Alleged Against Plaintiff's Traffickers.

A TVPRA claim requires well-pled factual allegations that the defendant "knew or should have known" that the venture in which the defendant participated was committing trafficking crimes. 18 U.S.C. § 1595(a). Allegations that a defendant knew or should have known about commercial sex (*e.g.*, prostitution), as opposed to sex trafficking, is insufficient. *See Doe 1 v. Red Roof Inns, Inc.*, 1:19-CV-03840-WMR, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020).

Plaintiff attempts to overcome the inability to meet this requirement by attacking the hotel industry, generally. Plaintiff argues that, because trafficking sometimes occurs at hotels, the industry's failure to prevent it constitutes willful blindness.[5] Dkt. 75, at 11. That argument also lacks merit. Reliance on willful blindness to satisfy the "knew or should have known" standard requires allegations that WHRI subjectively believed there was a high probability that Plaintiff was being trafficked and took deliberate steps to avoid confirming such conduct. *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). The Complaint lacks any such allegations. Allegations of general knowledge that trafficking sometimes occurs within an industry is insufficient. As one court recently explained:

> The real issue is . . . whether a defendant satisfies the knowledge element as to a *particular* sex trafficking venture. The statutory text speaks in singular terms—"participation in *a* venture which that person . . . should have known *has* engaged in *an* act in violation of this chapter." 18 U.S.C. § 1595(a) (emphasis added). Therefore, knowledge or willful blindness of a general sex trafficking problem in low-budget lodgings does not satisfy the *mens rea* requirements of the TVPRA.

---

[5] Plaintiff cites *M.A.*, which in turn relies on a case analyzing a claim under 42 U.S.C. § 1983. Dkt. 29, at 12 (citing *Brown v. Corr. Corp. of Am.*, 603 F. Supp. 2d 73, 81 (D.D.C. 2009)). *Brown* dealt with issues specific to *respondeat superior* liability in the context of Section 1983 claims. That case also dealt with allegations concerning particular individuals at a facility, as opposed to the general knowledge Plaintiff pleads in this case. Put simply, *M.A.* applies an erroneous standard for "willful blindness," and *Brown* is readily distinguishable from this case."

6

*S.J. v. Choice Hotels Int'l, Inc.*, 19-CV-6071 (BMC), 2020 WL 4059569, at *5 (E.D.N.Y. July 20, 2020); *Doe 1*, 2020 WL 1872335, at *1 (striking allegations from complaint concerning general knowledge about sex trafficking in the hotel industry and about trafficking at hotels not at issue in lawsuit); *accord Ratha*, 2017 WL 8293174, at *4 (granting summary judgment on forced-labor TVPRA claims where plaintiffs relied on evidence of "general reports of human trafficking" in the region and "letters by advocacy groups . . . criticizing the working conditions" at a factory, reasoning that such evidence was legally insufficient to show that the defendants knew or should have known of trafficking at that factory).

Plaintiff's allegations specific to her trafficking also are not sufficient. The Complaint concedes that WHRI was not affiliated with the La Quinta® hotel brand or the Facility at the time of her alleged trafficking such that WHRI could not have known of any such conduct. *See* Dkt. 65, at ¶¶ 20(b), 95(c) n.25; *see also Doe 1*, 12020 WL 1872335, at *3 (dismissing TVPRA claims where there was no allegation that the defendant "ever dealt" with the Plaintiff or the alleged traffickers); *Lawson v. Rubin*, 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018), *reconsideration denied*, 2018 WL 7958928 (E.D.N.Y. June 11, 2018).

        **C.    WHRI Did Not "Knowingly" Benefit "From" Participating In A TVPRA "Venture."**

Plaintiff argues that WHRI "knowingly benefited" from her alleged trafficking, despite conceding that WHRI had no connection to the Facility during the relevant period. In any event, not all benefits are sufficient to satisfy the "knowingly benefit" requirement under the TVPRA. *See, e.g.*, *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("The fact that sexual abuse was committed by

7

the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient . . . ."). Plaintiff does not allege any "causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit," let alone that WHRI had knowledge of any such causal relationship. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019). The Complaint should be dismissed.

### D. WHRI Is Not Secondarily Liable.

Plaintiff lastly contends that WHRI should be held liable even if it did not violate the TVPRA itself, arguing that the Facility was WHRI's "agent." As explained in WHRI's motion, the TVPRA does not provide for secondary liability. Moreover, the Complaint concedes that WHRI had no affiliation with the La Quinta® hotel brand or the Facility at the time of the trafficking. Simply, the operator of the Facility was not and could not have been WHRI's agent. Moreover, conclusory allegations of agency, like those in the Complaint, are not sufficient. *See, e.g.*, *J.C. v. Choice Hotels Int'l, Inc.*, 20-CV-00155-WHO, 2020 WL 3035794, at *1 (N.D. Cal. June 5, 2020) (dismissing TVPRA claim against hotel defendants with leave to amend to properly plead agency allegations). Apparently recognizing this deficiency, Plaintiff asks for discovery to substantiate her conclusory agency allegations, but Rule 8 requires Plaintiff to make well-pled allegations sufficient to support liability at the outset. *Id.* ("I recognize that some relevant information may not be known without the benefit of discovery, but that does not excuse J.C. from plausibly stating her claim."); *see also, e.g.*, *Barrett v. Univ. of N.M. Bd. of Regents*, 562 F. App'x 692, 695 (10th Cir. 2014) (affirming dismissal and rejecting the plaintiff's argument that discovery might yield "evidence sufficient to amend her complaint"); *Hull v. Colo. Bd. of Governors of Colo. State Univ. Sys.*, 805 F. Supp. 2d 1094, 1106 (D. Colo. 2011) (Brimmer, J.).

### III.     CONCLUSION & REQUEST FOR RELIEF

For all of the foregoing reasons, the Complaint should be dismissed with prejudice as to WHRI.  Plaintiff has already been afforded leave to amend once, but Plaintiff's theory of relief is simply incompatible with the TVPRA.  No further leave to amend should be granted.

Dated:  August 3, 2020.                                    Respectfully submitted,


*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Chuan "CiCi" Cheng
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   reilly@wtotrial.com
              cheng@wtotrial.com

David S. Sager
*Admitted to District of Colorado*
DLA PIPER LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone:  973.520.2550
Facsimile:  973.520.2551
Email:   david.sager@us.dlapiper.com

Christopher B. Donovan
*Admitted to District of Colorado*
DLA PIPER LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
Telephone:  713.425.8400
Facsimile:  713.425.8401
Email:   christopher.b.donovan@dlapiper.com

**Attorneys for Defendant Wyndham Hotels & Resorts, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2020, I electronically filed the foregoing DEFENDANT WYNDHAM HOTELS & RESORTS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                   */s/ Claudia Jones*